UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUSTY BUTTON and MITCHELL TAYLOR BUTTON,<br><br>    Plaintiffs,<br><br>    v.<br><br>MAURA MELCHER,<br><br>    Defendant. | CIVIL ACTION<br>NO. 24-12632-WGY |

**ORDER**

**January 9, 2026**

YOUNG, D.J.

    In this action, pro se plaintiffs Dusty Button and Mitchell Taylor Button filed a 121-page complaint in which they asserted state law tort claims against Massachusetts attorney Maura Melcher arising out of her representation of Sage Humphries. On March 24, 2025, the Court dismissed this action under 28 U.S.C. § 1915(e)(2)(D)(ii) for failure to state a claim upon which relief may be granted, concluding that the litigation privilege precluded Plaintiff's claims. (Dkt. #10). The Court found that, given the broad scope of the litigation privilege, it would be futile to give Plaintiffs the opportunity to file an amended complaint.

    Plaintiffs appealed the dismissal of the action. On December 16, 2025, the United States Court of Appeals for the

First Circuit issued its judgment, in which it affirmed in part and vacated in part the Court's order dismissing this action. (Dkt. #22).[1]  The First Circuit concluded that Plaintiffs had not "demonstrated that the litigation privilege does not bar their claims and allegations that related to the judicial proceedings before the Boston Municipal Court or the United States District Court for the District of Nevada."  Id. at 1.

Nonetheless, the First Circuit stated that the complaint "contains certain allegations that appear unrelated to the judicial proceedings," such as Melcher "encourag[ing] her client(s) to disseminate information to third persons for posting on social media."  Id. at 2.  The First Circuit concluded that although these allegations were "insufficient to state a claim," "dismissal of the complaint without allowing the appellants an opportunity to amend the claims that are not barred by the litigation privilege was not warranted."  Id.

In accordance with the First Circuit's remand, the Court will give Plaintiffs an opportunity to file an amended complaint limited to claims that are not barred by the litigation privilege.

---

[1] The mandate of the First Circuit issued on January 7, 2026. (Dkt. #23).

The amended complaint must contain a "short and plain" statement of Plaintiff's claims.  Fed. R. Civ. P. 8(a)(2).  The requirement of a "short and plain" statement of a claim "proscribes the obfuscation of the plaintiff's claims."  Kensu v. Corizon, Inc., 5 F.4th 646, 651 (6th Cir. 2021).  "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."  Miranda v. United States, 105 Fed. App'x 280, 281 (1st Cir. 2004) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 522 (2d ed. 1990)).  Similarly, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."  Stanard v. Nygren, 658 F.3d 792, 798 (7th Cir. 2011).

In addition, the amended complaint must show that Plaintiffs are "entitled to relief" under a cognizable legal theory.  Fed. R. Civ. P. 8(a)(2).  In other words, the complaint must contain sufficient factual allegations, which, treated as true, reasonably infer that the plaintiff is entitled to relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In evaluating the sufficiency of the complaint, the court only considers

3

"well-pleaded" factual allegations.  Id. at 678-79.  Pleadings that "are no more than conclusions[] are not entitled to the presumption of truth."  Id. at 679.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id.  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."  S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

Accordingly, the Court hereby ORDERS that Plaintiffs file an amended complaint within twenty-eight (28) days if they wish to proceed with this action.  Failure to do so will result in dismissal of this action.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE