# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 SEP 14 P 12: 16
U.S. DISTRICT COURT
DISTRICT OF MASS.

DUSTY BUTTON AND MITCHELL TAYLOR BUTTON

PLAINTIFFS,

V.

MAURA MELCHER

DEFENDANT.

Case No: 1:24-cv-12632-WGY

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND REQUEST FOR ALTERNATIVE RELIEF**

## INTRODUCTION

Plaintiffs Dusty Button and Mitchell Taylor Button respectfully oppose Defendant Maura Melcher's Motion to Dismiss the First Amended Complaint. The central issue is not whether Plaintiffs may relitigate privileged conduct. They may not, and the First Amended Complaint does not attempt to do so. The central issue is whether Defendant may obtain the same blanket dismissal that the First Circuit vacated, before Plaintiffs are allowed to present the non-privileged allegations and confidential supporting materials that the remand made relevant.

The First Circuit's mandate matters. It affirmed dismissal only as to allegations related to judicial proceedings, but vacated the judgment because other allegations appeared unrelated to judicial proceedings and amendment was not clearly futile. Defendant's motion would collapse those two categories back into one and treat all Boston Ballet, third-party, and order-related communications as privileged at the pleading stage. That approach would effectively recreate the error the First Circuit corrected.

Defendant's motion should be denied because it asks the Court to decide factual issues against pro se Plaintiffs at the pleading stage, to extend the litigation privilege beyond the limits recognized by the First Circuit's remand, and to treat Plaintiffs' compliance with a confidentiality order in related federal litigation as if it were an absence of factual support.

The First Amended Complaint is narrow. Plaintiffs do not seek damages for statements made in court, pleadings, police reports, or ordinary litigation advocacy. Plaintiffs

seek relief for non-privileged, extrajudicial conduct: communications with Boston Ballet and other non-judicial third parties, transmission or referencing of abuse-prevention-order materials beyond enforcement necessity, and informal dissemination that foreseeably injured Plaintiffs' professional relationships and employability.

Defendant's own memorandum confirms a central factual premise of the First Amended Complaint. Defendant states that Melcher notified Boston Ballet security regarding the protective order. Whether that communication was limited to legitimate enforcement, or instead exceeded enforcement and was used to influence professional decision-makers and cause professional exclusion, is a factual issue that should not be resolved against Plaintiffs under Rule 12(b)(6).

Plaintiffs also request alternative relief if the Court believes additional detail is necessary. The most specific materials known to Plaintiffs include Boston Ballet subpoena materials and deposition testimony designated confidential in related federal litigation. Plaintiffs understand that a Nevada protective order restricts use of those materials in other proceedings absent court permission, and Plaintiffs have previously faced sanctions after attempting to summarize protected material. Plaintiffs therefore request leave to seek impoundment or sealing under Local Rule 7.2, leave to amend, or a short stay to obtain clarification or modification from the Nevada court, rather than dismissal with prejudice.

## RELEVANT BACKGROUND

On March 24, 2025, this Court dismissed Plaintiffs' original complaint based on litigation privilege. Plaintiffs appealed. On December 16, 2025, the First Circuit affirmed

in part and vacated in part. Dkt. 22. The First Circuit held that Plaintiffs had not shown that litigation privilege did not bar claims and allegations related to the Boston Municipal Court proceedings or the Nevada federal proceedings. But the First Circuit also recognized that the complaint contained allegations that appeared unrelated to judicial proceedings, including alleged interference with Boston Ballet, encouragement of dissemination to third persons for social-media posting, and sending abuse-prevention-order materials to entities with which Plaintiffs had work contracts. Id. at 2.

The First Circuit remanded because it was not crystal clear that amendment would be futile. Id.; see Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). This Court then allowed Plaintiffs to file an amended complaint limited to claims not barred by the litigation privilege. Dkt. 25. Plaintiffs filed the First Amended Complaint in response to that mandate. Dkt. 27.

The First Amended Complaint alleges that, after abuse-prevention orders were obtained in 2017 and 2018, Defendant communicated or caused others to communicate allegations and order-related materials to non-judicial third parties, including employers, professional institutions, collaborators, and other gatekeepers. It alleges that those communications were not required by court order, were not necessary to enforce compliance, and were not incidental to legitimate litigation advocacy.

The complaint further alleges that discovery in related federal litigation between 2021 and 2023 revealed communications with Boston Ballet and other third parties outside any courtroom, pleading, or enforcement proceeding. Plaintiffs have not publicly

quoted or attached the most specific materials because those materials were designated confidential in the Nevada litigation and Plaintiffs understand that the Nevada protective order restricts their use in other cases without permission.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiffs' favor. Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002). The issue is not whether Plaintiffs will ultimately prove their claims, but whether the First Amended Complaint states a plausible entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Pro se filings are construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A statute-of-limitations defense may be resolved on a motion to dismiss only where the facts establishing the defense are clear from the face of the pleadings. Aldahonda-Rivera v. Parke Davis & Co., 882 F.2d 590, 591 (1st Cir. 1989). Where accrual, discovery, concealment, continuing conduct, or reasonable diligence depends on contested facts or inferences, dismissal is inappropriate at the pleading stage.

## ARGUMENT

### I. Defendant's Motion Is Procedurally Defective and Should Not Be Granted Without Addressing Service, Conferral, and Confidentiality.

#### A. Defendant did not comply with Local Rule 7.1(a)(2).

Local Rule 7.1(a)(2) provides that no motion shall be filed unless counsel certify that they have conferred and attempted in good faith to resolve or narrow the issue.

Defendant's motion contains no such certification. Plaintiffs were not contacted before the motion was filed. This failure matters because conferral could have narrowed the issues, including service, the confidential discovery problem, and whether Plaintiffs needed time or leave to seek clarification from the Nevada court.

The Court should deny the motion without prejudice, require Defendant to comply with Local Rule 7.1, or at minimum consider the procedural defect when deciding whether dismissal with prejudice would be equitable.

**B. Plaintiffs were not properly served with the motion papers.**

Defendant's certificate of service states only that filings through ECF would be sent electronically to registered participants and that paper copies would be sent to non-registered participants. Plaintiffs did not receive the motion papers from Defendant by mail or otherwise. If Plaintiffs were not listed as electronic recipients on the Notice of Electronic Filing, Defendant was required to serve paper copies. Plaintiffs therefore request that the Court reset or extend any opposition deadline from the date Plaintiffs actually obtained notice of the motion.

**C. Plaintiffs should not be penalized for avoiding public use of confidential discovery.**

Defendant repeatedly argues that the First Amended Complaint lacks additional detail about communications with Boston Ballet and other third parties. But the specific discovery materials known to Plaintiffs were designated confidential in related federal litigation. Plaintiffs understand that the Nevada protective order restricts use of those materials outside

that case without court permission. Plaintiffs have also previously faced sanctions after attempting to summarize protected material.

Plaintiffs have therefore pleaded the relevant facts as specifically as they reasonably can without risking violation of another federal court's order. Plaintiffs respectfully request that the Court not construe compliance with a protective order as a lack of factual support. If more detail is required, the proper remedy is leave to file under seal or impoundment under Local Rule 7.2, leave to amend after obtaining permission from the Nevada court, or a short stay to seek such permission. Local Rule 7.2(c) requires motions for impoundment to be ruled upon before submission of the material sought to be impounded, unless the Court orders otherwise.

## II. The First Circuit's Remand Forecloses Defendant's Attempt to Recreate the Same Blanket Dismissal.

Defendant's motion asks this Court to treat all alleged conduct as litigation-related because the communications referenced abuse-prevention orders or allegations connected to prior proceedings. That is too broad. It is also inconsistent with the posture created by the appeal. The First Circuit already recognized that some allegations appeared unrelated to judicial proceedings, including alleged interference with Boston Ballet, alleged encouragement of dissemination to third persons for social-media posting, and alleged sending of order materials to entities with which Plaintiffs had work contracts. Dkt. 22 at 2.

The Court gave Plaintiffs leave to amend because the First Circuit held that amendment was not plainly futile. Dismissing the First Amended Complaint with prejudice now, based on the same broad privilege theory and before Plaintiffs can seek leave to present protected supporting materials, would undermine the purpose of the remand. The proper

question is not whether Defendant can characterize the communications as litigation-related. The question is whether the First Amended Complaint plausibly alleges non-judicial dissemination beyond enforcement necessity. It does.

The First Amended Complaint follows that remand. It expressly limits the action to communications and conduct outside any courtroom, pleading, hearing, or enforcement process. Plaintiffs do not seek to relitigate the orders or impose liability for judicial filings. They challenge extrajudicial dissemination to non-judicial third parties and professional decision-makers where the communications allegedly exceeded any enforcement purpose and caused professional exclusion.

Defendant's own filing confirms that communications with Boston Ballet occurred. Defendant states that Melcher notified Boston Ballet security concerning the protective order. Whether that notification was privileged, necessary, limited, accurate, or instead part of a broader extrajudicial campaign is not apparent from the pleadings and cannot be resolved by drawing inferences against Plaintiffs.

## III. The Statute of Limitations Does Not Warrant Dismissal on the Pleadings.

Defendant argues that all claims accrued in 2017 or 2018 because the abuse-prevention orders were issued then. That argument mischaracterizes the First Amended Complaint. Plaintiffs are not suing over the issuance of the orders. Plaintiffs sue over non-judicial dissemination, communications with professional institutions, and later-discovered conduct outside any enforcement necessity.

The First Amended Complaint alleges that Plaintiffs could not reasonably discover the scope and mechanics of Defendant's extrajudicial conduct until discovery in related litigation between 2021 and 2023. It also alleges continuing conduct and continuing

harm, including conduct that continued after discovery revealed material factual disputes. Those allegations defeat dismissal at the pleading stage because accrual, reasonable diligence, and the timing of discovery are fact-bound issues.

Defendant relies heavily on portions of the original complaint to argue that Plaintiffs knew or should have known everything earlier. But knowledge of injury, knowledge that protective orders existed, or knowledge that professional harm occurred is not the same as knowledge of Defendant's alleged role in specific extrajudicial communications with professional institutions and third parties. Whether Plaintiffs reasonably could have discovered Defendant's role earlier cannot be resolved against Plaintiffs on this record.

*At minimum*, the limitations defense is not clear from the face of the First Amended Complaint. The Court should deny dismissal on limitations grounds or permit discovery limited to accrual, delayed discovery, and the timing and scope of the extrajudicial communications.

**IV. The Litigation Privilege Does Not Bar Claims Based on Non-Judicial Dissemination Beyond Enforcement Necessity.**

Massachusetts litigation privilege is broad, but it is not a blanket license to use court materials and disputed allegations in non-judicial professional settings for purposes unrelated to litigation or enforcement. See Bassichis v. Flores, 490 Mass. 143, 150-52 (2022) (privilege applies to conduct having some relation to litigation). The First Amended Complaint alleges that Defendant used or caused use of abuse-prevention-order materials and allegations outside any judicial proceeding, with persons and institutions that had no role in adjudication or enforcement, for the purpose and effect of influencing Plaintiffs' professional opportunities.

Defendant characterizes the Boston Ballet communication as natural enforcement activity. Plaintiffs allege otherwise. They allege that the communications went beyond enforcement necessity and were directed toward professional institutions and decision-makers in a manner that caused terminations, refusals to engage, and professional exclusion. That dispute cannot be resolved under Rule 12(b)(6).

If every communication to an employer or professional institution were privileged merely because it referenced a court order, then the First Circuit would not have identified alleged communications to Boston Ballet and work-related entities as potentially outside the barred category. Defendant's privilege argument therefore should be rejected at this stage, or at least deferred until the Court can review the protected materials through proper sealed procedures. The remand should not become an empty exercise.

**V. Count I Adequately Pleads Intentional Interference with Contractual and Advantageous Relations.**

The First Amended Complaint alleges that Plaintiffs had existing and prospective contractual and advantageous relationships with professional institutions, employers, collaborators, and industry gatekeepers, including institutions where Plaintiffs had worked or sought continued engagement. It alleges that Defendant knew Plaintiffs' professional opportunities depended on reputation, institutional trust, and informal professional vetting.

The complaint further alleges that Defendant communicated directly and through others with non-judicial third parties, including representatives of Boston Ballet, and that those communications referenced allegations, abuse-prevention orders, and related materials in professional contexts unrelated to enforcement. It alleges improper means: the

use of judicial and law-enforcement materials outside court and beyond enforcement necessity to influence employment and institutional decisions. See Dobelle v. Flynn, 12 F. Supp. 3d 274, 296 (D. Mass. 2014) (identifying elements of intentional interference under Massachusetts law).

The complaint also alleges causation and damages. It alleges refusals to engage, termination of relationships, professional exclusion, complete loss of work and income by July 2021, reputational injury, and consequential economic harm. At the pleading stage, those allegations plausibly state intentional interference. Defendant argues that Plaintiffs have not identified enough specific recipients, dates, and communications. Plaintiffs have provided the specificity they can publicly provide without violating a confidentiality order. Defendant also knows her own communications and cannot fairly demand that Plaintiffs publicly disclose confidential discovery while simultaneously seeking dismissal because Plaintiffs did not disclose it. If the Court believes more detail is required, Plaintiffs request leave to file the relevant materials under seal or amend after obtaining permission from the Nevada court.

## VI. Count II Adequately Pleads Defamation, or at Minimum Should Not Be Dismissed with Prejudice.

Defendant argues that Plaintiffs failed to identify a specific defamatory statement. Plaintiffs allege that Defendant published, republished, or caused publication of factual allegations of serious misconduct to third parties outside litigation, including employers, professional institutions, collaborators, and other non-judicial recipients. See Dobelle, 12 F. Supp. 3d at 293 (identifying elements of defamation under Massachusetts law).

The alleged defamatory meaning was not merely that abuse-prevention orders existed. The alleged defamatory sting was that Plaintiffs committed serious underlying misconduct and that those allegations had been validated in a way that justified professional exclusion. The First Amended Complaint alleges that these statements and implications were conveyed outside judicial proceedings to third parties with no enforcement role, and that Defendant acted at least negligently and later with reckless disregard after discovery revealed material contradictions.

Plaintiffs recognize that defamation requires sufficient identification of the challenged communication. The reason Plaintiffs did not quote the most specific language is the confidentiality restriction described above. Plaintiffs therefore request that any concern about specificity be addressed through sealed submission, in camera review, or leave to amend after permission from the Nevada court, rather than dismissal with prejudice.

## VII. Count III Adequately Pleads Intentional Infliction of Emotional Distress.

Defendant argues that the alleged conduct is not extreme or outrageous as a matter of law. Plaintiffs recognize that Massachusetts imposes a demanding standard for intentional infliction of emotional distress. See Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976); Polay v. McMahon, 468 Mass. 379, 385-86 (2014). But the First Amended Complaint alleges more than ordinary reputational harm. It alleges a course of extrajudicial conduct using serious disputed allegations, court-order materials, informal networks, and professional institutions to cause permanent professional exclusion while denying Plaintiffs any meaningful opportunity to respond.

The complaint alleges that Defendant knew Plaintiffs' professional lives depended on reputation and institutional acceptance, knew that extrajudicial dissemination to

professional decision-makers would foreseeably cause permanent exclusion, and continued such conduct after discovery revealed material factual disputes. It also alleges severe emotional distress, including anxiety, humiliation, loss of professional identity, and profound psychological harm tied to permanent exclusion from livelihood.

Whether Plaintiffs can ultimately prove the demanding Massachusetts standard is a merits question. At this stage, the Court should accept the alleged facts and reasonable inferences as true, particularly where the most specific supporting materials cannot be publicly filed without leave.

## VIII. Alternatively, Plaintiffs Request Leave to Amend, Leave to File Under Seal or Impoundment, or a Short Stay to Seek Relief from the Nevada Protective Order.

If the Court concludes that additional factual detail is necessary, Plaintiffs respectfully request leave to amend. Plaintiffs also request leave to file a motion under Local Rule 7.2 to submit limited supplemental materials under seal or impoundment, including relevant excerpts from Sage Humphries' confidential deposition and Boston Ballet subpoena materials. Plaintiffs further request, if necessary, a short stay to seek clarification or modification of the Nevada protective order governing those materials.

Dismissal with prejudice would be inequitable. Plaintiffs have factual support for the allegations, but are attempting to comply with a protective order and avoid public disclosure of confidential materials. Plaintiffs should not be forced to choose between violating one federal court's confidentiality order and losing their claims for insufficient public detail.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss. In the alternative, Plaintiffs request that the Court defer ruling, permit Plaintiffs to seek leave to file confidential materials under seal or impoundment, permit Plaintiffs to seek clarification or modification from the Nevada court, and/or grant leave to amend rather than dismiss with prejudice. Plaintiffs also request that the Court require Defendant to comply with Local Rule 7.1 and properly serve Plaintiffs with all motion papers.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request oral argument if the Court believes it would assist in resolving the motion, particularly as to the effect of the First Circuit's remand, the confidential discovery restrictions, and the distinction between litigation-related conduct and non-judicial dissemination to professional institutions.

Dated this 8th day of September, 2026,

/s/______________________________

Signature of Plaintiff Dusty Button (*Pro se*)

/s/______________________________

Signature of Plaintiff Mitchell Taylor Button (*Pro se*)

**CERTIFICATE OF SERVICE**

Plaintiffs hereby certify that they mailed this opposition to the Clerk's Office at 1 Courthouse Way, Boston, MA 02210 on September 8th, 2026 and that we served a copy of the foregoing Plaintiffs' Opposition to Defendant's Motion to Dismiss First Amended Complaint by email to LSmith@morrisonmahoney.com , counsel for the Defendant.

Dated this 8th day of September, 2026,

/s/

Plaintiffs Dusty Button and Mitchell Taylor Button (*Pro se*)