FILED
IN CLERKS OFFICE
2026 SEP 14 P 12:16
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DUSTY BUTTON AND MITCHELL TAYLOR BUTTON<br><br>PLAINTIFFS,<br><br>V.<br><br>MAURA MELCHER<br><br>DEFENDANT. | Case No: 1:24-cv-12632-WGY<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL DISCOVERY MATERIALS UNDER SEAL PURSUANT TO LOCAL RULE 7.2** |

Plaintiffs Dusty Button and Mitchell Taylor Button respectfully move this Court, pursuant to Local Rule 7.2, for an order permitting Plaintiffs to file under seal limited supplemental discovery materials in connection with Plaintiffs' Opposition to Defendant Maura Melcher's Motion to Dismiss the First Amended Complaint including the deposition of the Defendant's client, Sage Humphries.The materials consist of the complete deposition transcripts of the Nevada plaintiffs from *Humphries et al. v. Button et al.*, No. 2:21-cv-01412 (D. Nev.). This sealing request is strictly required by the U.S. District Court for the District of Nevada's order modifying its Protective Orders, which mandates that:

1. Defendants (Plaintiffs here), must file true and correct copies of all six Plaintiffs' deposition transcripts in their entirety, rather than select transcripts or excerpts.
2. Defendants (Plaintiffs here) must file Plaintiffs' deposition transcripts under seal.
3. "Extracts and summaries" of Plaintiffs' deposition transcripts must be filed under seal.

Good cause exists for sealing and impoundment under Local Rule 7.2 because these files are protected material under the Nevada Protective Orders. Filing these documents openly would violate a federal court order and trigger administrative cross-sanctions. **While the remaining five transcripts are procedurally irrelevant to the immediate disputes in this action, the U.S. District Court for the District of Nevada's modification order strips Plaintiffs of any discretion, strictly mandating the submission of all six complete records as an indivisible package.**

Because the volume of all six full transcripts consists of thousands of electronic pages, and out-of-state *pro se* Plaintiffs cannot logistically or financially print this material, Plaintiffs have enclosed these mandatory complete transcripts electronically on a secure USB digital preservation drive enclosed in a marked, separate confidential container.

Plaintiffs request a procedure that allows this Court to consider the absolute relevance of these records to the threshold issue of the statute of limitations without requiring public disclosure. Plaintiffs request that the material remain sealed and impounded until further order of this Court.

Dated this 8th day of September, 2026,

/s/____________________

Signature of Plaintiff Dusty Button (*Pro se*)

/s/____________________

Signature of Plaintiff Mitchell Taylor Button (*Pro se*)

**CERTIFICATE OF SERVICE**

Plaintiffs hereby certify that they mailed this opposition to the Clerk's Office at 1 Courthouse Way, Boston, MA 02210 on September 8th, 2026 and that we served a copy of the foregoing Motion for Leave by email to LSmith@morrisonmahoney.com , counsel for the Defendant.

Dated this 8th day of September, 2026,

/s/

Plaintiffs Dusty Button and Mitchell Taylor Button (*Pro se*)